David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554 FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*DONALD BLESSING*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD BLESSING, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| HARRIS & HARRIS, LTD, | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff DONALD BLESSING, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in Defendant's illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2. This action is also brought under Nevada Revised Statutes Chapter 598 *et seq.* ("NRS 598") and Nevada Revised Statutes Chapter 41.600 *et seq.* ("NRS 41.600") for Defendant's deceptive trade practices as further described herein.

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

5. Plaintiff DONALD BLESSING ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. At all times relevant herein, Plaintiff was over the age of sixty (60) and was an "Older person" as that term is meant pursuant to Nevada Revised Statutes (NRS) 41.1395(4)(d).

7. Defendant HARRIS & HARRIS, LTD. ("H&H"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## H&H's Violations of the FDCPA

8. On or about April 29, 2010, Plaintiff filed for Bankruptcy in the

United States Bankruptcy Court for the District of Nevada. Plaintiff's case was assigned case number 10-17722-bam (the "Bankruptcy").

9. At the time the Bankruptcy was filed, Plaintiff owned real property located at 1729 Brookdale Drive, Canton, MI 48188 ("Property"). Plaintiff surrendered the Property in the Bankruptcy. *See* Statement of Intention, Bankruptcy ECF No. 1.

10. On or about August 9, 2010, Plaintiff received a Bankruptcy discharge. *See* Bankruptcy ECF No. 23.

11. Accordingly, Plaintiff was discharged of any liability regarding the Property, and could not incur further tax liability.

12. However, H&H contacted Plaintiff via telephone multiple times more than nine years after Plaintiff surrendered the property, attempting to collect a debt related to the property which came due after the Bankruptcy and for which Plaintiff has no liability. In its telephone calls, H&H has demanded Plaintiff make payments to it, threatening to garnish his wages if he did not.

### H&H's Violations of NRS 598 *et seq*

13. Nevada Revised Statutes 598 governs deceptive trade practices in Nevada.

14. Pursuant to NRS 598.0915(15):

> A person engages in a "deceptive trade practice" if, in the course of his or her business or occupation, he or she:
>
> …
>
> (15)   Knowingly makes any other false representation in a transaction.

15. Further, NRS 598.092(8) states

> A person engages in a "deceptive trade practice" when in the course of his or her business or occupation he or she:
>
> (8)   Knowingly misrepresents the legal rights, obligations or remedies of a party to a transaction.

16. In the instant case, H&H made numerous false representations in an attempt to collect a debt from Plaintiff.

17. Specifically, H&H attempted to collect a debt Plaintiff simply did not owe and could not be asserted against the Plaintiff.

18. Additionally, since Plaintiff is an "Older person" pursuant to Nevada Revised Statutes (NRS) 41.1395(4)(d), H&H's conduct violated NRS 41.1395. Plaintiff is thus entitled to twice actual damages from Harris as a result of its conduct.

19. Upon information and belief, H&H was aware of Plaintiff's age at all times herein and the fact that he was more susceptible to being induced to pay a debt which was not legally owed by him.  The Plaintiff is specifically the type of person 41.1395 seeks to collect from deceptive and false schemes, such as those

employed by H&H to obtain an unwarranted benefit through false and deceptive means.

20. Plaintiff is also an "Older person" as defined by NRS 598.0933. H&H's conduct thus violated NRS 598.0973, and Plaintiff is entitled to $12,500.00 in statutory damages for H&H's conduct.

21. H&H's actions violated NRS 598.0973 as H&H:

  a. knew Plaintiff was a "elderly person";
  b. engaged in conduct in disregard of Plaintiff's rights by seeking to collect monies knowingly not owed;
  c. knew or should have known that its conduct was directed toward an elderly person (Plaintiff);
  d. knew Plaintiff was more vulnerable to H&H's conduct because of his age, health, infirmity, and/or impaired understanding;
  e. caused Plaintiff to suffer actual and substantial physical, emotional or economic damage as discussed herein and to be set forth more fully at trial;
  f. caused Plaintiff to suffer mental anguish; and also
  g. caused Plaintiff to suffer emotional anguish.

### Plaintiff Suffered Actual Damages

22. Plaintiff has suffered and continues to suffer actual damages as a

result of H&H's unlawful conduct.

23. As a direct consequence of H&H's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation anger, anxiety, emotional distress, frustration, and loss of sleep, as well as out of pocket expenses in traveling to his attorney's office to rectify H&H's conduct.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. H&H's conduct violated 15 U.S.C. § 1692e in that H&H engaged in false, deceptive, or misleading behavior in connection with the collection of a debt.

26. H&H s conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the amount owed by Plaintiff and attempted to have Plaintiff pay more than owed.

27. H&H's conduct violated 15 U.S.C. § 1692e(5) in that H&H threatened to take action against Plaintiff which it could not legally take or did not intend to take in collection of a debt.

28. H&H's conduct violated 15 U.S.C. § 1692e(10) in that H&H employed various false representations and deceptive means to collect a debt.

29. The foregoing acts and omissions of H&H constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

30. Plaintiff is entitled to damages as a result of H&H's violations.

31. Plaintiff has been required to retain the undersigned as counsel to protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II
## VIOLATIONS OF NRS 598 ET SEQ

32. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

33. H&H violated the provisions of NRS 598 *et seq* cited above. As a result, H&H is liable to Plaintiff for any damages Plaintiff suffered as a result of its conduct.

34. H&H caused Plaintiff to suffer injuries as a result of its illegal conduct; specifically, emotional and economic distress.

35. H&H's actions were willful and unjustified and resulted in injuries and mental anguish to the Plaintiff.

36. As a direct consequence of H&H's acts, practices, and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, and loss of sleep.

37. As a direct and proximate result of H&H's wrongful conduct, Plaintiff has therefore suffered damages.

## COUNT III
## VIOLATIONS OF NRS 41.1395

38. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39. Plaintiff is an "older or vulnerable" person as defined by NRS 41.1395.

40. H&H caused Plaintiff to suffer injuries as a result of its illegal conduct; specifically, Plaintiff suffered emotional and economic distress as set forth herein.

41. H&H's actions were willful and unjustified, and resulted in injuries and mental anguish (among other injuries) to Plaintiff.

42. Specifically, as a direct consequence of H&H's acts, practices, and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, and loss of sleep.

43. As a direct and proximate result of H&H's wrongful conduct, Plaintiff has therefore suffered damages.

## COUNT IV
## VIOLATIONS OF NRS 598.0973

44. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

45. Plaintiff is an "older or vulnerable" person as defined by NRS 598.0933. Therefore, H&H engaged in a "deceptive trade practice directed toward elderly person".

46. H&H caused Plaintiff to suffer injuries as a result of its illegal conduct; specifically, Plaintiff suffered emotional, economic distress and other losses as set forth above and to be further proved at trial.

47. H&H's actions were willful and unjustified, and resulted in actual injuries and mental anguish to Plaintiff.

48. Specifically, as a direct consequence of H&H's acts, practices, and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, and loss of sleep.

49. As a direct and proximate result of H&H's wrongful conduct, Plaintiff has therefore suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, awarding Plaintiff:

- actual damages including, but not limited to, the emotional distress Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

- statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- two (2) times any actual damages pursuant to NRS 41.1395;

- statutory damages pursuant to NRS 598.0973 of up to $12,500 for each and every violation of NRS 598.0973;

- punitive damages; and

- any other and further relief the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 28, 2020

Respectfully submitted,

By  /s/David H. Krieger, Esq.

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com
Attorney for Plaintiff
*DONALD BLESSING*